# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MECOS OLIVER, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 2:25-cv-02541-SHM-tmp |
| v. | ) ) ) |
| WARDEN F/N/U GARRETTE, ET AL., | ) ) |
| Defendants. | ) |

## ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

On May 22, 2025, Plaintiff Mecos Oliver filed (1) a *pro se* complaint asserting claims under *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971) (ECF No. 1) and (2) a motion for leave to proceed *in forma pauperis* (ECF No. 2). Oliver is presently confined at the United States Penitentiary Hazelton (the "USP-Hazelton"), in Bruceton Mills, West Virginia. (ECF No. 1-2 at PageID 18; ECF No. 2 at PageID 20.)

In the complaint, Oliver alleges that he was wrongfully accused of participating in an altercation on January 26, 2024 at the Federal Correctional Institute Forrest City Medium (the "FCI-Forrest City"), in Forrest City, Arkansas. (ECF No. 1 at PageID 2-3.) Oliver alleges that, after he was found guilty of "fighting," he: (1) lost twenty-seven (27) days of good time credits; (2) was placed in the special housing unit (the "SHU") for thirty (30) days; and (3) lost his phone and e-mail privileges. (*Id*. at PageID 4-5.) Oliver alleges that the SHU cell "had deterioration, a[s]bestos, black mold, and leaking toilet and sink functions. (*Id*. at PageID 6.) He contends that he "was forced to eat molded food and even became sick multiple times." (*Id*.) Oliver alleges that

he is innocent of the disciplinary charges against him. (*Id*. at PageID 4, 6 (contending that "I was not fighting and was lock[ed] up in the SHU for nothing at all").) Oliver also alleges that "a[]fter [he] began appealing to the regional and so forth, the staff of Forrest City-FCI began retaliating against me and making multiple attempts to put me in the SHU." (*Id*. at PageID 7.)

Oliver asserts claims of (1) cruel and unusual punishment in violation of the Eighth Amendment and (2) denial of due process in violation of the Fifth Amendment. (*Id*. at PageID 6-7.) Oliver sues: (1) FCI-Forrest City Warden F/N/U Garrette; (2) FCI-Forrest City Correctional Officer J. Loyd; (3) FCI-Forrest City Correctional Officer P. Lam; (4) FCI-Forrest City Correctional Officer D. Morris; (5) Unit Disciplinary Chairman T. Hubbard; and (6) FCI-Forrest City Correctional Officer John Does 0 – 50. (*Id*. at PageID 1-3.) Oliver sues the Defendants in their official and individual capacities. (*Id*. at PageID 2.) Oliver seeks: (1) restoration of good time credits; (2) two thousand five hundred dollars ($2,500.00) in punitive damages from each Defendant; and (3) "a full recalculation of my classification […] to be redesignated to a lower custody level." (*Id*. at PageID 9.)

Unless a different federal law provides otherwise, federal general venue statute 28 U.S.C. § 1391 governs the proper venue of any civil action brought in federal court. That statute provides: "[T]his section shall govern the venue of *all* civil actions brought in district courts of the United States." § 1391(a)(1) (emphasis added). The statute authorizes the commencement of a federal civil action only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

> defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Oliver's complaint has no connection with the United States District Court for the Western District of Tennessee. Oliver specifically alleges that he "was incarnated at Forrest City Medium Facility (FCI) during the events described herein and within this complaint." (ECF No. 1 at PageID 2.) The FCI-Forrest City is in Forrest City, Arkansas. (*Id*. at PageID 1-8; *see also* https://www.bop.gov/locations/institutions/fom/ (Federal Bureau of Prisons webpage about the FCI-Forrest City) (last accessed May 27, 2025).) Forrest City, Arkansas is in Saint Francis County, Arkansas, which is part of the Delta Division of the United States District Court for the Eastern District of Arkansas. *See* 28 U.S.C. § 83(a)(2).

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Oliver's *Bivens* action should have been brought in the Eastern District of Arkansas.

Therefore, the case is hereby **TRANSFERRED**, pursuant to 28 U.S.C. § 1406(a), to the Delta Division of the United States District Court for the Eastern District of Arkansas.

The matter of the civil filing fee[1] that is required to institute Oliver's action is referred to the Eastern District of Arkansas.

---

[1] There is a civil filing fee of three hundred fifty dollars ($350.00) plus "such additional fees . . . as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a) and (b). The Judicial Conference has set a fifty-five dollar ($55.00) administrative fee for filing any civil case, except for cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last accessed May 27, 2025). Accordingly, plaintiffs who are not granted pauper status are responsible for the full four hundred and five dollar ($405.00) fee.

The Clerk is directed to **CLOSE** this case without entry of judgment.

**SO ORDERED**, this  3d  day of June, 2025.

                                                /s/ *Samuel H. Mays, Jr.*
                                                SAMUEL H. MAYS, JR.
                                                UNITED STATES DISTRICT JUDGE